FRED MORRISON AND PUBLIC SERVICE TRANSPORTA-
TION COMPANY, PROSECUTORS, v. TOWN OF WEST
NEW YORK, RESPONDENT.

Decided January 31, 1927.

**Auto Buses—Municipality Brought About Conviction of Prosecu-
tors For Charging a Higher Fee Than Its Ordinance Provided
For—Held, That at the Time, the Operation of the Buses
was Under the Control of the Public Utility Commissioners
in Accordance With the Act of 1926, and the Rates Must
be Those Provided by That Commission.**

On *certiorari*.

Before Justices BLACK and CAMPBELL.

For the prosecutors, *Edward Ambler Armstrong* and *Frank Bergen*.

For the respondent, *Hirschberg & Rubenstein*.

PER CURIAM.

This writ, and five other writs, with the same corporate but different individual prosecutors, by agreement argued together, and in all of which the facts are the same except that in one two fines were imposed and in the other only one fine, bring up for review the proceedings and conviction of the individual prosecutors for alleged violation of an ordi-

nance entitled "An ordinance regulating the licensing and operating of motor vehicles and all other vehicles used for the transportation of passengers for hire in the town of West New York, in the county of Hudson and State of New Jersey," adopted March 22d, 1921, and an amendment thereof adopted August 10th, 1926.

The individual prosecutors were employes of the Public Service Transportation Company operating motor vehicles for the transportation of passengers for hire.

The violations complained of were the receiving and demanding of ten-cent fares on Sunday, August 29th, 1926. Such rate was expressly permitted by the original ordinance of March 22d, 1921, but the amendment of August 10th, 1926, undertook to fix all fares at five cents.

On March 24th, 1926, which was prior to the adoption of the amended ordinance (*Pamph. L.* 1926, *ch.* 144) entitled "An act to amend the title and body of an act entitled 'An act concerning auto buses, commonly called jitneys and their operation in cities,' approved March 17th, 1916," and *Pamph. L.* 1926, *ch.* 146, entitled "An act to amend an act entitled 'An act concerning public utilities, to create a board of public utility commissioners and prescribe its duties and powers,' approved April 21st, 1911, passed April 6th, 1921," had been passed by the legislature and had become effective.

The effect of this legislation was to place buses, such as those operated by the prosecutor Public Service Transportation Company, under control of the board of public utility commissioners, and this control includes the fixing and regulation of fares to be charged.

This resulted in divesting the respondent of the power to fix and regulate fares and it was without such power on August 10th, 1926, when it attempted to adopt the amended ordinance and such legislative action was a nullity. We consider it unnecessary to consider any of the other reasons urged.

All the proceedings brought up for review are therefore erroneous and without legal authority and are set aside and reversed, with costs.